**ATLANTIC RICHFIELD COMPANY,**

v.

**ATLANTIC INDEPENDENT UNION, Defendant.**

**Civ. A. No. 81–3160.**

United States District Court, E. D. Pennsylvania.

Jan. 7, 1982.

Alan Symonette, Philadelphia, Pa., for plaintiff.

Mark P. Muller, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

On August 5, 1981, invoking the jurisdiction of this Court under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and 28 U.S.C. §§ 1337 and 2201, plaintiff-employer filed its Complaint in this action. The Complaint contained two counts: In Count I, plaintiff sought confirmation of an arbitrator's award entered July 23, 1979. In Count II, plaintiff sought to have an arbitrator's award which was entered May 9, 1981 vacated and set aside. The gist of the plaintiff's action is that the second award, which was favorable to the union, is inconsistent with the earlier award.

On October 6, 1981, plaintiff amended its Complaint. The Amended Complaint contains only one count, seeking, in the alternative, that the 1979 award be confirmed, and the defendant enjoined from relying upon the 1981 award, or that both awards be remanded to the arbitrators for further proceedings.

The timeliness of an action under § 301 of the LMRA is to be determined by reference to the appropriate state statute of limitations. *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1965). The appropriate state statute of limitations is that governing actions to vacate an arbitrator's award, rather than the statute applicable to contracts in general. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). Pennsylvania's version of the Uniform Arbitration Act, 42 Pa.C.S. §§ 7301 *et seq.,* effective December 5, 1980, provides, in § 7314(b):

"Time limitation.

"Application under this section shall be made within 30 days after delivery of the copy of an award to the applicant, except that, if predicated upon corruption, fraud, misconduct, or other improper means, it shall be made within 30 days after such grounds are known or should have been known to the applicant."

It is undisputed that the 30-day limitations period for the second arbitration award in this case began to run not later than May 23, 1981. Accordingly, this Court is without jurisdiction to consider a direct challenge to the 1981 award. Plaintiff seeks to avoid this obstacle by making two arguments, neither of which, in my view, has merit.

Both arguments invoke the provisions of the Pennsylvania statute relating to confirmation of awards, 42 Pa.C.S.A. § 7313:

"On application of a party, the court shall confirm an award unless within the time limits imposed by this subchapter [*i.e.,* the 30-day period referred to above], grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in § 7314 (relating to vacating award by court) or § 7315 (relating to modification or correction of award by court)."

One of plaintiff's arguments requires little discussion: Plaintiff contends that this Court can properly proceed to vacate the award under § 7314 because, within 30 days after the 1981 award was rendered, plaintiff's counsel wrote a letter to the union in which "grounds [were] urged for vacating or modifying or correcting" the 1981 award, within the meaning of § 7313. The contention is frivolous. Section 7313 obviously means that the Court is to confirm the award if it has become final, *i.e.,* unless, within the 30-day appeal period, someone has presented *the Court* with grounds for setting the award aside.

Plaintiff's remaining argument is equally unpersuasive. The argument is that, since there is no time limit for applications to confirm awards, this Court does have juris-

diction to confirm the 1979 award; and that confirmation of the 1979 award may properly include an injunction against enforcement of the 1981 award, or at least a remand of both awards to the arbitrators for clarification and reconciliation.

In the 1979 proceeding, three employees who had been disciplined for "irregular attendance" complained that the company's action was impermissible under the collective bargaining agreement because no such offense was designated in the list of disciplinary offenses set forth in an appendix to the agreement. The arbitrator (Mr. Howard) agreed. He found that the company and the union had negotiated and agreed upon the method for dealing with problems of excessive absenteeism under the designation "unnecessary loss of time". He sustained the grievance, and ordered the correction of the personnel records of the grievants.

In the 1981 proceeding, another employee challenged the company's imposition of discipline under its program for curtailing excessive absenteeism, insofar as it was based upon absences due to disability (hence, he contended, not "unnecessary"). The arbitrator (Mr. Mullin) sustained the grievance, holding, *inter alia*, (1) that to sustain imposition of discipline for "unnecessary loss of time" it must appear that the absences were not justified (as defined elsewhere in the contract); (2) that to regard absences due to disability as a basis for discipline would violate provisions in the collective bargaining agreement relating to disability; and (3) that, for all purposes of the absenteeism program, the only absences which could be considered were those occurring within the most recent four years.

Arbitrator Mullin carefully considered the earlier award made by Arbitrator Howard, and concluded that his decision was consistent with that award. Indeed, Arbitrator Mullin devoted some four pages of his opinion to analysis of that problem.

■ If Arbitrator Mullin's award were before this Court for direct review, and if this Court were of the view that his conclusion concerning consistency with the Howard award was incorrect, it is not at all clear that this would be a valid reason for setting the award aside, given the narrow scope of review available. At the very least, however, it is clear that such alleged inconsistency cannot be addressed after the Mullin award has become final, under the guise of "confirming" the earlier award.

Plaintiff has cited several cases for the proposition that, to uphold the finality of an arbitration award, a court may properly enjoin later arbitration proceedings involving the same issues between the same parties. In all of these cases, however, the court acted in the context of a timely challenge to the later proceeding.

There is impressive precedent for the proposition that arbitration awards need not be consistent. For example, a very recent decision in this Circuit addresses the problem:

"Normally an arbitrator need not follow previous arbitrations construing the same agreement [citing numerous cases]." *Metropolitan Edison Co. v. Natl. Labor Relations Board, et al.*, 663 F.2d 478, at p. 483 (3d Cir. 1981).

Because of the absence of a timely challenge to the 1981 award, I have concluded that this Court lacks jurisdiction to set it aside or modify it. This disposes, adversely to plaintiff, of all aspects of this action except the relief requested in the first paragraph of the prayer for relief in plaintiff's Amended Complaint, namely, "that the Howard award [the 1979 award] be confirmed and that judgment be entered thereon." The defendant's arguments do not squarely address this aspect of the case.

The actual award entered July 23, 1979 by Arbitrator Howard reads as follows:
"The undersigned arbitrator ... AWARDS as follows:

"The discipline of the grievants, Benjamin Glisson, George Banks, and Robert Sheridan, was improper under the agreement. The company is directed to change the discipline to an Official Warning for 'unnecessary loss of time', and to consider any future violations of like character to fall within the negotiated guidelines of the Table of Standard Penalties for that offense."

It is not clear to me that any useful purpose would be served by entering judgment on that award at this time (assuming, for the sake of argument, that plaintiff is correct in asserting that its application is not time-barred). Insofar as the named grievants are concerned, the award has been complied with in all respects. Indeed, it seems clear that plaintiff's only purpose in seeking confirmation of the 1979 award at this time is to achieve a basis for interference with the 1981 award, notwithstanding its failure to challenge that award in timely fashion. I do not believe this is permissible. Stated otherwise, I am inclined to believe that the Pennsylvania arbitration statute contemplates that even an application to confirm an arbitration award is untimely if made after an intervening, inconsistent, award has become final.

Be that as it may, enforcement of an award directing the employer "to consider any future violations of like character to fall within the negotiated guidelines of the Table of Standard Penalties for that offense" plainly would not preclude inquiry into the merits of asserted violations in subsequent cases, nor as to whether proven violations were "of like character".

In the final analysis, it appears that, in the 1979 proceeding, the existence of the violations was conceded; the only issue was whether they could be disciplined as a new offense, "irregular attendance". The arbitrator held they could not, but must be processed under the listed violation of "unnecessary loss of time". The fact that many of the undisputed violations in the 1979 proceeding may have been based, at least in part, upon absences due to disability, and upon absences antedating the four-year limitations period, should not prevent other employees from asserting that, as to them, the offense of "unnecessary loss of time" was not established, within the meaning of the contract.

I recognize that there is considerable uncertainty as to whether the opinions of the two arbitrators are entirely consistent with each other. Arbitrator Howard's 1979 opinion can be read as holding that absences due to disability can be deemed "unneces-

sary loss of time" (although it can also be argued that that issue was not squarely presented in that proceeding); and there are seemingly divergent views concerning the applicability of the four-year limitations period. I express no view as to whether these possible inconsistencies would be relevant in a proceeding for enforcement of the 1981 award. No application to confirm the 1981 award is before me.

Because of these possible uncertainties, I have concluded that the dismissal of plaintiff's Amended Complaint, insofar as it seeks confirmation of the 1979 award, should be without prejudice to renewal in the event of an application to confirm the 1981 award.