## CIRCUIT COURT OF FAIRFAX COUNTY

Stevenson Engineering
Associates, Inc.

v.

Richard Newlon Assocs.

April 15, 1991

Case No. (Law) 74400

By JUDGE THOMAS S. KENNY

This cause is before the Court upon the plaintiff's motion for confirmation of an arbitration award under Section 8.01-581.09 of the Code of Virginia. I have concluded that I cannot enter the award.

The relevant facts in this case disclose that the plaintiff, Stevenson Engineering Associates, Inc. ("Stevenson"), and the defendant, Richard Newlon Associates ("Newlon"), entered into an Arbitration Agreement on September 24, 1987. A claim under this agreement was submitted to an independent arbitrator of the American Arbitration Association in Washington, D.C., in December of 1990, at which time Stevenson was awarded the sum of $9,920.00 as well as certain costs. It is this award which Stevenson asks to be confirmed.

Initially, it should be noted that the adoption in 1986 of the Virginia Arbitration Act, Virginia Code Section 8.01-581.01 *et seq.*, has generated very little case law to aid in the interpretation of its myriad provi-

sions. However, since it is closely modeled on the Uniform Arbitration Act, this Court will rely on comments on its construction as well as the case law of other adopting jurisdictions.

There are three basic reasons why I cannot enter the award: timing, notice and jurisdiction. Each of these is discussed in turn.

1. The first issue to be resolved is one raised by the confirmation statute itself. Section 8.01-581.09 states that:

> Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Sections 8.01-581.010 and 8.01-581.011.

The United States District Court for the Eastern District of Pennsylvania has interpreted an almost identical provision of the Pennsylvania Arbitration Act.[1] There the court held that the applicable confirmation provision is triggered, by petition when "the award . . . has become final, *i.e.*, unless, within the thirty-day appeal period, someone has presented the court with grounds for setting the award aside." *Atlantic Richfield Co. v. Atlantic Independent*, 537 F. Supp. 371, 372 (E.D. Pa. 1982). Although in Virginia the period of time to make application for modifying, correcting or setting aside is ninety days, the reasoning is the same.

Plaintiff's motion and order for confirmation were filed less than ninety days from the date Newlon received the arbitration award. As such, this action was commenced prematurely and is not ripe for adjudication.

---

[1] 42 Pa. C.S.A. Sect. 7313: "On application of a party, the court shall confirm an award unless within the time limits imposed by this subchapter grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Section 7314 (relating to vacating award by court) or Section 7315 (relating to modification or correction of award by court)."

A logical bolster to the federal court's holding can be gleaned from the Act. If courts allowed confirmation without waiting for the ninety days, then the party having grounds to vacate or modify the award could be forced to challenge the award in less than ninety days thereby effectively nullifying the statutory waiting period.

2. An additional bar to affording Stevenson the relief it has requested is found in the notice provisions governing judicial sanctioning of arbitration awards. Section 8.01-581.013 requires that:

> An application to the court under this article shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions. Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in an action.

There is nothing in the papers filed with the court regarding this matter which dispels the notion that this is anything other than an "initial application." Nor has Stevenson provided the court with evidence of an "agreement otherwise" which would relieve the plaintiff of his obligation to serve defendant in the manner contemplated by Section 8.01-296 of the Virginia Code. As the initial notice to Newlon in this case is in the form of a mailing, the defendant has not been properly joined in this confirmation proceeding, and this court is without jurisdiction to make such a determination.

3. Finally, and perhaps most importantly, I am of the opinion that in this particular case, no court in Virginia is the proper forum for confirmation of the underlying arbitration award.

Under the Virginia Arbitration Act, venue is proper in "the court of the county or city in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county or city in which it was held. Otherwise, venue of the application shall

be as provided in Chapter 5 (§ 8.01-257 *et seq.*) of this title." Va. Code § 8.01-581.015.

Here, the hearing was held in Washington, D.C., and there is no evidence of an agreement to the contrary. The provisions as to venue in these cases appear to be mandatory and of a descending hierarchy, and accordingly, the confirmation proceedings must be in Washington. *See Jackson Track Group v. Mid-State Post Association,* 751 P.2d 122 (Kan. 1988).

For the foregoing reasons, this Court rejects the petition for confirmation of the arbitration award. This matter is hereby dismissed.