Warren H. Pyle, Angoff, Goldamn, Manning, Boston, Mass., for plaintiffs.

Henry M. Kelleher, Arthur G. Telegen, Foley, Hoag & Eliot, Boston, Mass., for defendant.

Frank **DERWIN, et al., Plaintiffs,**

v.

**GENERAL DYNAMICS CORPORATION,**
**Defendant.**

**Civ. A. No. 82–166–MC.**

United States District Court,
D. Massachusetts.

Dec. 9, 1982.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This action came on to be heard on defendant's objections to the recommendations of Magistrate DeGiacomo that the defendant's motion to dismiss be denied and that plaintiffs' motion to confirm an arbitration award be allowed.

The plaintiffs filed an application for confirmation of an arbitration award in the Superior Court Department of the Trial Court of the Commonwealth of Massachu-

setts pursuant to M.G.L. c. 150C, § 10. The defendant removed the action to this court and filed a motion to dismiss for failure to state a claim upon which relief can be granted, claiming that the action was barred by the applicable statute of limitations. The plaintiffs then moved for confirmation of the arbitration award.

### I.

In 1977 the defendant and the plaintiffs entered into a collective bargaining agreement. In that year and in 1978 a dispute arose concerning the interpretation and application of Section 10(a)[1] of the agreement. That dispute was submitted to arbitration. After hearing the dispute, the arbitrator issued an award on April 20, 1979, which provided in pertinent part as follows:

1. The Company did not violate the Agreement by issuing Guidelines to its supervisors on the matter of stewards' off-the-job passes and by reintroducing the off-the-job pass system.

2. The purpose for which a steward can request an off-the-job pass to investigate a represented employee's complaint is limited only in that it must be work-related and the time he spends in the investigation is limited only in that it must be reasonable in the circumstances.

3. The steward cannot be *required* to divulge the name of the employee(s), or the nature of the problem, nor the time that he will be off the job, when requesting a pass. At the same time, it is not unreasonable for the Company to *request* such information.

Thereafter, disputes arose between the defendant and the plaintiffs about clause 3. Those disputes were resolved informally. None of the parties have ever challenged the award of the arbitrator; indeed, the defendant states that it agrees with the award. Plaintiffs say they are seeking confirmation of the award and not enforcement or interpretation of it.

### II.

The current dispute between these parties focuses on the applicable statute of limitations. The defendant objects to the conclusions of the Magistrate that this action is not barred by the one year statute of limitations in the Federal Arbitration Act, 9 U.S.C. § 9, and that confirmation is not precluded by federal labor policy.

This action was originally brought in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts pursuant to M.G.L. c. 150C, § 10. The defendant removed the action here on the grounds that this court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a) and 28 U.S.C. § 1337.

The Supreme Court in *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), held that since there is no statute of limitations in Section 301, "the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Id.* at 704–705, 86 S.Ct. at 1112–1113. Recently, in *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Court applied its holding in the *Hoosier Cardinal* case to an action to vacate an arbitration award under § 301 of the LMRA and upheld the district court's application of a state statute of limitations. I conclude, therefore, that the *Hoosier Cardinal* and *Mitchell* cases require that this action to confirm an arbitration award be governed by the relevant state statute of limitations.

M.G.L. c. 150C, § 10 reads as follows:

Upon application of a party, the superior court shall confirm an award, unless within the time limits, hereinafter imposed grounds are urged for vacating, modifying or correcting the award, in

---

1. Section 10(a). If any Steward of the Union shall so request of his Department Head or of the person designated for the purpose by the Department Head, he shall be granted an off-the-job pass for such time with pay at his normal rate as he may reasonably require with-

in the Yard for the purpose of investigating the facts with regard to and endeavoring to settle any matter or grievance in the department or groups of employees represented by him ... The above Section shall apply notwithstanding past practice.

which case the court shall proceed as provided in sections eleven and twelve.

That section provides no statute of limitations. I find no other statute of limitations under Massachusetts law which is relevant and analogous to an action to confirm and which would not do violence to the policy of the national labor laws favoring the quick and final resolution of labor disputes.

In the absence of a Massachusetts statute of limitations which is clearly analogous or relevant to an action to confirm, I adopt the one-year limitations period provided in the Federal Arbitration Act, 9 U.S.C. § 9.[2] That time period comports with the federal policy of quick and final resolution of labor disputes.

For the foregoing reasons, I find that the plaintiffs' action to confirm the award of the arbitrator is time-barred; therefore, the defendant's motion to dismiss is allowed and plaintiff's motion to confirm is denied.

---

**2.** 9 U.S.C. § 9 reads in pertinent part as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

I do not agree with the Magistrate's conclusion that the one year period provided in this section is not a statute of limitations.