Frank DERWIN, et al., Plaintiffs,
Appellants,

v.

GENERAL DYNAMICS CORPORATION,
Defendant, Appellee.

No. 82–1934.

United States Court of Appeals,
First Circuit.

Argued May 5, 1983.

Decided Sept. 30, 1983.

Warren H. Pyle, Boston, Mass., with whom Nancy B.G. Lassen, Cambridge, Mass., and Angoff, Goldman, Manning, Pyle & Wanger, P.C., Boston, Mass., were on brief, for plaintiffs, appellants.

Arthur G. Telegen, Boston, Mass., with whom Henry M. Kelleher, P.C., Kevin J. Fitzgerald, and Foley, Hoag & Eliot, Boston, Mass., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BOWNES, Circuit Judge, and RE,* Chief Judge.

LEVIN H. CAMPBELL, Chief Judge.

This appeal is from a judgment of the district court, 551 F.Supp. 1128, holding that an application to confirm an arbitration award, brought by representatives of the Industrial Union of Marine and Shipbuilding Workers and its Local 5 (the "union") against General Dynamics Corporation (the "company"), is time barred. The district court ruled that in the absence of an appropriate Massachusetts state statute of limitations, the one-year statute of limitations set out in the United States Arbitration Act, 9 U.S.C. § 9, is applicable.

We disagree with the district court's ruling and hold that the federal one-year statute of limitations is not binding in this suit to confirm. Rather we look to the Massachusetts state statute of limitations in formulating federal substantive law, and hold that the present action is not time barred.

* Hon. Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

Nonetheless we affirm the district court's judgment on the ground that confirmation is unwarranted.

I.

Since the mid-1960's, the union and the company have been at loggerheads over the scope of the right of union stewards to take time off from their own work for the purpose of investigating employee grievances and related matters. The collective bargaining agreement for the 1977–80 term contained the following pertinent provisions:

Article IV—Grievance Procedure

. . . . .

Section 4. Grievances shall be handled and processed in accordance with the procedure set forth in the following steps. The Union, by its representatives . . . ., shall have the exclusive right to process, settle, withdraw, or appeal grievances . . . . However, whenever practicable, prior to the filing of a grievance, the Steward of that department shall encourage the employe involved to discuss matter with his immediate supervisor.

. . . . .

Section 10. (a) If any Steward of the Union shall so request of his Department Head . . ., he shall be granted an off-the-job pass for such time off with pay at his normal rate as he may reasonably require within the Yard for the purpose of investigating the facts with regard to and endeavoring to settle any matter or grievance.

. . . . .

The above section shall apply notwithstanding past practice.

Shortly after these provisions went into effect, the company issued guidelines to its supervisors regulating the issuance of off-the-job passes to stewards. Claiming the guidelines violated both past practice and the new contract, the union grieved imme-

diately and the dispute went to arbitration before Robert Stutz who issued the 1979 award now sought to be confirmed. In the award, Stutz upheld the company's right to issue guidelines and to re-introduce an off-the-job pass system. He went on to state certain principles and to approve or disapprove various practices with respect to such a system.

Neither party challenged the Stutz award, nor does either party now challenge it. From the date of its issuance, April 20, 1979, until August, 1981, the parties appear to have accepted the guidance of the Stutz award when resolving individual grievances. In 1980, when a collective bargaining agreement for the 1980–1983 term was negotiated, the same provisions as those in the 1977 agreement relating to off-the-job passes were retained without amendment. The company states it has issued approximately 15,000 off-the-job passes to stewards since the Stutz award, and the union agrees that, at least until the latter part of 1981, the company had generally complied with the award.

Recently there has been renewed controversy over stewards' passes. From December, 1981 until June, 1982, the union filed seventeen grievances challenging the company's failure to issue stewards' passes. Affidavits filed below suggest that the union believes the company's supervisors often refuse passes for reasons improper under the Stutz award. The company, on the other hand, claims that it fully adheres to the award.

On January 13, 1982, nearly three years after the Stutz award, the union brought the present suit in the Massachusetts Superior Court, denominating it as an "Application for Confirmation of Arbitration Award." Citing Mass.Gen.Laws ch. 150C, § 10, which provides that the Superior Court "*shall* confirm an award" (emphasis supplied) unless within 30 days after its delivery application is made to vacate or modify it, the union alleged that no such application to vacate or modify was ever made and that it was therefore entitled to confirmation. The union did not allege any instances where the company purportedly violated or refused to abide by the Stutz award—nor indeed did it allege that the company had ever violated or that it rejected the award. Rather, the union relied on the language of Mass.Gen.Laws ch. 150C, § 10 as conferring an absolute right to confirmation where no party had challenged the award within 30 days after issuance.

General Dynamics removed the state court action to the federal district court on the ground that it was one over which the federal courts had original jurisdiction under section 301 of the LMRA, 29 U.S.C. § 185(a). See 28 U.S.C. § 1441(a). The company then moved to dismiss, arguing that the action to confirm was barred by the statute of limitations (the ground ultimately accepted). The union responded by filing a so-called motion to confirm, reiterating its original prayer for confirmation of the Stutz award. To this the company filed an opposition, raising both the statute of limitations and the further argument that confirmation would be an "abuse" of the court's powers. The latter was said to follow from the fact that the company fully accepted the award. General Dynamics charged that plaintiffs were simply trying to bypass the contract grievance procedure, which calls for arbitration as the exclusive means of resolving all disputes arising under the contract, including disputes concerning the construction and effect of prior arbitration awards.

The case was first heard by a magistrate who recommended that the union's petition to confirm should be allowed. The district court, however, ruled that the one-year statute of limitations set out in the federal arbitration act, 9 U.S.C. § 9, was a bar to the action. Accordingly it dismissed without reaching the question of whether the Stutz award should or should not otherwise be confirmed.

## II.

The district court acknowledged that the present action to confirm an arbitration award would normally, under Supreme Court doctrine, be "governed by the rele-

vant *state* statute of limitations." (Emphasis supplied.) Since, however, the Massachusetts arbitration act provided no limitation on the time for bringing an action to confirm, and since the court could find no other relevant and analogous Massachusetts statute of limitations, it adopted the one-year limitations period provided in the Federal Arbitration Act, 9 U.S.C. § 9. While the issue is complicated, we disagree with the district court's application of the federal limitations period.

■ We begin, as did the district court, with recognition that, ordinarily, "the timeliness of a section 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). *See also Service Employees International Union, Local 36 v. Office Center Services, Inc.,* 670 F.2d 404, 409 (3d Cir. 1982) (applying relevant state statute to suit to confirm an arbitration award); *Chauffeurs, Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023 (7th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981).

To be sure, this rule is never to be applied mechanically. *See Hoosier Cardinal,* 383 U.S. at 701, 705 n. 7, 86 S.Ct. at 1110–11, 1113 n. 7. Very recently, in *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), involving employees' suits against both employers and unions for violation of a collective bargaining agreement and breach of the duty of fair representation, the Supreme Court rejected as unsuitable certain state statutes of limitation. In their stead, the Court adopted the limitations period of section 10(b) of the National

Labor Relations Act. —— U.S. at ——, 103 S.Ct. at 2294. The Court found that the state limitations period applicable to the employee's claim against the *employer* was shorter than the state limitations period applicable to the claim against the *union.* The application of differing standards of timeliness to claims that are "inextricably interdependent" was, in the Court's view, inconsistent with the realities of labor relations. By contrast the six-month limitation period of section 10(b) of the National Labor Relations Act reflected an appropriate balance between the competing interests of according finality to arbitration awards and of providing the employee a reasonable period within which to assert his challenge to the award. Despite this application of a uniform limitations period to employee suits, the Court's detailed analysis of the state limitations periods, together with its explicit reliance on *Hoosier Cardinal,* show that its decision was not intended to weaken the ordinary presumption of state law primacy in resolving section 301 limitations questions.

In the instant case, General Dynamics advances a two-pronged attack upon the application of state statutes of limitations to the local's suit to confirm. First, the company contends that the one-year period in the federal arbitration act, 9 U.S.C. §§ 1–14, provides the appropriate statute of limitations period for actions to confirm, especially in light of prior decisions of this court.[1] Second, the company contends that the various state statutes proposed by the union fail to vindicate the federal policy of speedily resolving labor disputes.

In support of the former contention, the company points to *Local 205, United Electrical Workers v. General Electric Co.,* 233

---

1. Section 9 of the federal arbitration act provides:

    If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon

the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

F.2d 85, 100 (1st Cir.1956), *aff'd on other grounds,* 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028 (1957), where this court once held that the substantive provisions of the federal arbitration act were to be applied as a governing corpus of law to suits arising under section 301. Asserting that *Local 205* retains its vitality, the company contends that we remain bound to apply the one-year limitations period of the federal arbitration act to confirmation actions brought in this circuit. But while this court's judgment in *Local 205* was affirmed by the Supreme Court, it did so on a distinctly different ground than we had formulated. Instead of relying on the federal arbitration act to support an order of specific performance in a section 301 suit, the Supreme Court held that section 301 itself provides a body of federal substantive law. 353 U.S. at 548, 77 S.Ct. at 922. This decision to follow a path different from that suggested by this court has resulted, practically, in the use of the federal arbitration act as an occasional point of reference in suits arising under section 301 but not as a dispositive statement of governing law.[2]

In the flexible process of formulating federal substantive law, we have occasionally spoken of the act as applying to collective bargaining agreements. *See, e.g., Local Union No. 251, International Brotherhood of Teamsters v. Narragansett Improvement Co.,* 503 F.2d 309, 311–12 (1st Cir.1974); *Electronics Corp. v. International Union of Electrical Workers,* 492 F.2d 1255, 1258 (1st Cir.1974). We have, however, applied state statutes of limitations to suits arising under section 301 without recognizing the limitations periods of the federal act as relevant, to say nothing of controlling. *See McNutt v. Airco Industrial Gases Division,* 687 F.2d 539 (1st Cir.1982); *Sear v. Cadillac Automobile Co.,* 654 F.2d 4 (1st Cir.1981). *Cf. Local 2222, IBEW v. New England Telephone & Telegraph Co.,* 628 F.2d 644, 651 (1st Cir. 1980) (declining to decide whether the one-year limitations period of the federal arbitration act applies to actions to confirm).[3]

■ Since the act may be consulted in the formulation of federal substantive law, but is not binding in cases arising under section 301, we reject the contention that we are legally bound to apply the limitations period of the federal arbitration act to the local's suit to confirm.[4]

■ We turn next to the company's second contention, which is that the Massachusetts state statutes of limitations are

---

**2.** *See Textile Workers v. Lincoln Mills,* 353 U.S. 448, 466, 77 S.Ct. 912, 926, 1 L.Ed.2d 972 (1957) (Frankfurter, J., dissenting); *Edwards v. Sea-Land Serv., Inc.,* 678 F.2d 1276, 1291 (5th Cir. 1982), *reh'g. denied,* 685 F.2d 1385 (5th Cir. 1982), *vacated on other grounds,* — U.S. —, 103 S.Ct. 3104, 77 L.Ed.2d 1360 (1983); *Service Employees International Union, Local 36 v. Office Center Services, Inc.,* 670 F.2d 404, 406 n. 6 (3d Cir.1982); *Chauffeurs, Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1025 (7th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). *Contra Int'l Ass'n of Machinists v. General Electric Co.,* 406 F.2d 1046 (2d Cir.1969).

**3.** Other federal circuit courts have unanimously declined to borrow limitations periods set forth in the federal act but have looked instead to state law. *See San Diego District Council of Carpenters v. G.L. Cory, Inc.,* 685 F.2d 1137, 1141 (9th Cir.1982) (action to vacate); *Edwards v. Sea-Land Service, Inc.,* 678 F.2d 1276, 1291 (5th Cir.1982) (action to vacate), *reh'g. denied,* 685 F.2d 1385 (5th Cir.1982), *vacated on other grounds,* — U.S. —, 103 S.Ct. 3104, 77 L.Ed.2d 1360 (1983); *Service Employees International Union, Local 36 v. Office Center Serv-*

*ices, Inc.,* 670 F.2d 404, 406 n. 6 (3d Cir.1982) (action to confirm); *Sine v. Local No. 992, International Brotherhood of Teamsters,* 644 F.2d 997, 1002 (4th Cir.) (action to vacate), *cert. denied,* 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981); *Chauffeurs, Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1026 (7th Cir.1980) (action to confirm), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981).

**4.** Our holding that the governing law is federal substantive law is in no way inconsistent with past decisions in this circuit applying aspects of the federal arbitration act to actions involving arbitration awards under collective bargaining agreements. *See, e.g., Local Union No. 251, International Brotherhood of Teamsters v. Narragansett Improvement Co.,* 503 F.2d 309 (1st Cir.1974); *Electronics Corp. v. International Union of Electrical Workers,* 492 F.2d 1255 (1st Cir.1974). The federal arbitration act can be consulted in the formulation of federal substantive law in section 301 suits, but it is only one of a number of potential sources.

unsuitable for application to the union's suit to confirm.

The union argues that the Commonwealth has adopted a limitations period that is directly applicable to confirmation suits. It points to the Massachusetts arbitration act, Mass.Gen.Laws ch. 150C, §§ 1–16, which governs the enforcement of arbitration awards rendered pursuant to collective bargaining agreements. Section 10 of the Act provides:

> Upon application of a party, the superior court shall confirm an award, unless within the time limits, hereinafter imposed grounds are urged for vacating, modifying or correcting the award, in which case the court shall proceed as provided in sections eleven and twelve.

Mass.Gen.Laws ch. 150C, § 10. The union recognizes that this provision imposes no limit on the time for filing suits to confirm. It does, however, incorporate a strict 30-day limitations period for any challenges to the award. Unless grounds are urged for vacating, modifying or correcting the award within such period, the award becomes virtually impregnable. *See* Mass.Gen.Laws ch. 150C, §§ 11(b), 12(a). Thus the union contends that the absence of any limitations period for confirmation is not a gap in the legislative scheme but rather reflects the Commonwealth's determination that challenges to an award should be quickly made. If not, the award becomes final, with unlimited time left for recourse to the courts should such be required. Alternatively, the union argues that the 6-year statute of limitations for contract actions, Mass.Gen.Laws ch. 260, § 2, or the 20-year limitations period for the enforcement of judgments, Mass.Gen.Laws ch. 260, § 20, should be applied.

The company argues that the unlimited period in section 10 and the suggested 6- and 20-year alternatives are opposed to the federal policy of speedily resolving labor disputes. Thus, the company contends, this is a case in which "a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and [in which] the federal policies at stake and the practicalities of litigation make that rule a

significantly more appropriate vehicle for interstitial lawmaking." *DelCostello,* —— U.S. at ——, 103 S.Ct. at 2294. Consequently, the company urges us to adopt the one-year federal rule. We do not agree. To be sure, federal policy supports the adoption of limitations periods calculated to encourage the speedy and final resolution of labor disputes, but the Commonwealth's failure to specify a limitations period for actions to confirm does not undermine that policy.

To understand the operation of the Massachusetts statute it is necessary to distinguish between actions to modify or vacate arbitration awards and actions to confirm them. Recognizing that suits of the former variety pose the principal threat to the finality of the award, the Massachusetts statute subjects them to a short, 30-day, statute of limitations. *See* Mass.Gen.Laws ch. 150C, §§ 11(b), 12(a). To encourage parties with objections to an award to assert them in a timely fashion, section 10 provides that the court "*shall* confirm an award unless within the time limits hereinafter imposed grounds are urged for vacating, modifying or correcting the award." Mass.Gen.Laws ch. 150C, § 10 (emphasis supplied).

As the mandatory language of section 10 suggests, a party who fails to initiate an action to vacate or modify an award within the 30-day time limit specified in sections 11 and 12 is barred from asserting those claims as defenses to a later action to confirm. *See Greene v. Mari & Sons Flooring Co.,* 362 Mass. 560, 562, 289 N.E.2d 860, 861 (1972). *See also Service Employees International Union, Local 36 v. Office Center Services, Inc.,* 670 F.2d 404, 412 (3d Cir.1982) (Pennsylvania law); *Chauffeurs, Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1027 (7th Cir.1980) (Indiana law), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). This provision virtually eliminates any prospect of a successful challenge to an award after the passage of the 30-day period, and, by the same token, encourages the parties voluntarily to treat the award as final and binding, foregoing judicial proceedings altogether. This tendency of sec-

tion 10 to encourage private settlement would, if anything, be undermined if it contained a strict limitations period for actions to confirm. If the prevailing party failed to obtain a confirmatory decree within the limitations period, the award would become unenforceable. This prospect would force the prevailing party to undergo the expense and delay of suing to confirm the award, even where the other party had agreed in good faith that the award was final and binding.

Viewed as an integral part of the statutory scheme, therefore, section 10 operates to cut off stale defenses and to encourage the parties to forego merely formal judicial proceedings aimed at obtaining confirmatory orders. Such a statutory scheme is fully consistent with the federal policy of according finality to labor awards.[5] *See Taylor v. Ford Motor Co.,* 703 F.2d 738, 745 (3d Cir. 1983) (section 301 action to confirm was timely even after state statute of limitations on actions to vacate had run). Since a relatively lengthy period for actions to confirm does not threaten the finality of arbitral awards, we see no basis for departing from the ordinary presumption favoring the application of state statutes of limitations to actions arising under section 301.

We therefore reject the company's suggestion that we fashion a uniform federal limitations period by borrowing the one-year provision of the federal arbitration act. We hold that the district court erred in dismissing the union's action to confirm as time barred under the one-year limitations period of 9 U.S.C. § 9.[6]

## III.

Besides raising the statute of limitations as a bar, General Dynamics argued below, as it now does, that confirmation would be improper. The district court did not reach this contention, but since our views on it are integral to our views on the statute of limitations, and in the interests of judicial economy, we decide the matter now.

We hold that confirmation is, indeed, unwarranted. The union's application for confirmation—unlike the usual complaint seeking confirmation of an arbitrator's award—does not seek resolution of a concrete dispute between the parties. The union does not allege that the company has repudiated or violated the award in some particular calling for judicial resolution. No relief involving specific enforcement of the Stutz award is requested. Rather the union merely seeks a court order stating that the award—which consists of a broad compendium of general principles—is confirmed. The company, for its part, maintains that it fully accepts, and will continue to accept, the award. While the parties' affidavits indicate a continuing series of incidents in which union stewards and company supervisors have clashed over off-the-job passes, the company views these as at most reflecting different readings of the Stutz award. And none of these incidents are mentioned in the complaint nor is any relief sought specifically concerning them.

The company views the union's desire to obtain "paper" confirmation of the Stutz award as the first step in a clever ploy to subvert the arbitral process. Ordinarily, disputes involving the meaning and application of prior arbitral labor awards are themselves proper subject for arbitration. If judicial confirmation is granted, General Dynamics believes the union will come to court later with a host of grievances involving off-the-job passes, presenting the inci-

---

5. Even under the federal arbitration act, courts have held that section 9's language is permissive, thus allowing actions to confirm where justice requires after the apparent one-year limitations period had elapsed. *Kentucky River Mills v. Jackson,* 206 F.2d 111, 120 (6th Cir.), *cert. denied,* 346 U.S. 887, 74 S.Ct. 144, 98 L.Ed. 392 (1953); *Paul Allison, Inc. v. Minikin Storage of Omaha,* 452 F.Supp. 573, 575 (D.Neb.1978).

6. We need not decide whether to borrow the Commonwealth's 6-year limitations period for contract actions or its 20-year period for the enforcement of judgments, or to leave the period for filing completely unrestricted. Under any approach, the action here was timely and General Dynamics has not suggested an alternative state statute which, if applied, would bar the union's claim.

dents as acts of contempt in violation of the order of confirmation. The company fears that this procedure will cause the court to lose its bearings and begin adjudicating disputes which should be handled through the contract grievance process.

■ The company is clearly correct that where the parties have agreed to arbitrate disputes over the meaning of their collective bargaining agreements, established labor policy significantly restricts the role of the federal courts. *See United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Boston Shipping Association, Inc. v. International Longshoremen's Association,* 659 F.2d 1, 3 (1st Cir.1981); *Local 2222, IBEW v. New England Telephone & Telegraph Co.,* 628 F.2d 644, 647 (1st Cir.1980). In recognition of this limited role, the courts have often declined to rule that an arbitral award is binding in a later, factually similar context, reasoning that the precedential effect to be accorded a past award is a matter for the arbitrator. *See Courier-Citizen Co. v. Boston Electrotypers Union No. 11,* 702 F.2d 273, 280 (1st Cir.1983); *Westinghouse Elevators of Puerto Rico, Inc. v. S.I.U. de Puerto Rico,* 583 F.2d 1184, 1186–87 (1st Cir.1978). The courts, moreover, have carefully scrutinized suits to "enforce" past awards where the facts suggest that the nominal enforcement proceeding is, in truth, an attempt to extend the award to a new, previously unresolved dispute. For example, in *United Paperworkers, Local 675 v. Westvaco Corp.,* 461 F.Supp. 1022 (W.D. Va.1978), an arbitrator had directed the employer to reexamine its seniority practices with respect to certain jobs. When a dispute arose as to the result of the reexamination, the court held that the grievance procedure was the proper mode for resolving the conflict. *See also International Association of Machinists Lodge No. 1893 v. Aerojet-General Corp.,* 263 F.Supp. 343, 347 (C.D.Cal.1966) (denying enforcement where dispute at the heart of the controversy was not presented to arbitration); *District 50, United Mine Workers v. Revere Copper & Brass, Inc.,* 204 F.Supp. 349, 352 (D.Md. 1962) (denying enforcement where previous arbitral award stated general rules for application by the parties and therefore required further interpretation and arbitration).

■ Only where an arbitral award is both clearly intended to have a prospective effect and there is no colorable basis for denying the applicability of the existing award to a dispute at hand, will a court order compliance with the award rather than require the parties to proceed anew through the contract grievance procedure. *See Boston Shipping Association,* 659 F.2d at 4; *Oil, Chemical and Atomic Workers, Local 4–16000 v. Ethyl Corp.,* 644 F.2d 1044, 1051 (5th Cir.1981). As we recently said, unless "it is beyond argument that there is no material factual difference between the new dispute and the one decided in the prior arbitration that would justify an arbitrator's reaching a different conclusion," the case must go to fresh arbitration rather than to the court for judicial enforcement. *Boston Shipping Association,* 659 F.2d at 4.

■ The present case involves no such "new dispute" to be distinguished (or not distinguished) from one resolved by the arbitrator. Rather the court is simply being asked to put its imprimatur upon an arbitral award in a vacuum. Only two cases, both in the district courts, appear to support such a practice. *Hellman v. Program Printing, Inc.,* 400 F.Supp. 915 (S.D.N.Y. 1975), citing *International Association of Machinists Lodge 1893 v. Aerojet General Corp.,* 263 F.Supp. 343, 347 (C.D.Cal.1966). These cases would apparently split confirmation proceedings into, first, a proceeding "to confirm" and, second, one "to enforce."

But while this is a possible procedure, we question the need for or wisdom of this bifurcated approach. It seems to us cumbersome, unnecessary, and potentially misleading—especially as an order of confirmation issued in a factual vacuum may result in unpredictable pressure and aspersions upon the party against whom the order runs. Entry of a declaration "confirming" the award may be taken to imply that the defendant is in fact violating it. Courts,

after all, do not enjoin parties from violating the law without proof of a real likelihood that such will happen. At very least, it is hard to fathom what the present debate over confirmation portends. Both parties profess to agree that the Stutz award is binding. A decree confirming it at this time will merely give the parties something more to argue about. Under the circumstances, Article III's prudential values and concerns of judicial economy strongly counsel against the entry of a confirmatory order. *Cf. Consolidated Vultee Aircraft Corp. v. UAW, Local 904,* 27 Cal.2d 859, 167 P.2d 725 (1946) (declining to confirm an arbitration award "if the award does not affect the present relations of the parties").

The most compelling basis for bifurcating this type of suit into an action to confirm and one to enforce was removed earlier in this opinion. If there were a strict limitations period for actions to confirm, one could reasonably argue that, even in the absence of any current dispute over an award's effect, a party should be entitled to obtain judicial confirmation in order to protect its rights under the award from lapse due to the passage of time. We rejected a one-year limitations period, in part to avoid forcing this sort of wasteful litigation. The more economical approach is to allow a substantial, or even unlimited, time period for filing actions to confirm (and enforce) awards, and to require that these suits, like others in the federal courts, allege a concrete violation or other dispute entitling the plaintiff to some relief.

The union asserts that under section 10 of the Massachusetts arbitration act, which provides that a court "shall confirm" an award upon application of a party, Mass. Gen.Laws ch. 150C, § 10, it has a statutory right to confirmation even though there is no dispute alleged. We do not agree. It is by no means clear that the Massachusetts courts would construe the language of section 10 to compel purely ministerial confirmation in the absence of any dispute. The mandatory language of section 10 was more likely employed simply to emphasize that in a proper case courts must confirm without regard to defenses not raised within the 30 days. *See Greene v. Mari & Sons Flooring Co.,* 362 Mass. 560, 562, 289 N.E.2d 860, 861 (1972).

In *Atlantic Richfield Co. v. Atlantic Independent Union,* 537 F.Supp. 371 (E.D.Pa. 1982), the court denied confirmation of an arbitration award because such confirmation would serve no useful purpose, despite the governing "shall confirm" language of the Pennsylvania arbitration statute. The identical language in the Massachusetts act might similarly be read not to require merely ministerial confirmation of awards by the courts.[7]

In any event, "the substantive law to apply in suits under § 301(a) is federal law, which the courts must fashion from the policy of our national labor laws." *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 456, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957). The federal substantive law subsumes the prudential values of Article III, which militate against ministerial confirmation of awards in the absence of a concrete dispute.[8] Moreover, the reliance on arbitration to settle labor disputes is a central policy of federal labor law. To grant the requested confirmation at this juncture would risk injecting the courts improperly into the arbitration process, since absent a concrete dispute there is no way for the district court to know whether there is any matter which it can properly review and its order may merely serve to skew the bargaining balance between the parties. Of course, as the magistrate suggested, the award could be "confirmed" and the court could later

---

**7.** We think that section 9 of the federal arbitration act should be interpreted in accord with our construction of the similarly worded section 10 of the Massachusetts act. Irrespective of that interpretation we hold as a matter of substantive law under section 301 that confirmation is not proper.

**8.** We note that the Massachusetts courts are not subject to the requirements of Article III. Thus, even if a Massachusetts court would grant ministerial confirmation, we would still be bound to accommodate the prudential concerns of Article III.

decide, when an enforcement action is brought, whether the latter belongs in a judicial or an arbitral forum. But we see no point to such spinning of wheels, especially since ambiguities in an arbitration award are ordinarily to be determined by arbitration, not by resort to the courts. *E.g., United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). *See also Local 2222, IBEW v. New England Telephone & Telegraph Co.,* 628 F.2d 644, 649 (1st Cir. 1980); *Bell Aerospace Co. v. Local 516, UAW,* 500 F.2d 921 (2d Cir.1974).

We therefore conclude that the union's action to confirm should be dismissed. As the action must be dismissed, albeit on a different ground from that stated by the district court, we affirm the judgment of the lower court, although we do so without prejudice to the right of either party to seek confirmation of the Stutz award should a proper occasion to do so arise.

*So ordered.*