**UNION DE TRONQUISTAS DE PUER-TO RICO, LOCAL 901, Plaintiff,**

v.

**EMERY AIR FREIGHT CORPORATION, Defendant.**

**Civ. No. 83–2713CC.**

United States District Court, D. Puerto Rico.

Oct. 23, 1984.

Freddie Pérez-González, Woods, Rosenbaum, Luckeroth & Pérez-González, Hato Rey, P.R., for plaintiff.

Manuel Alvarado, Saldaña, Rey, Morán & Alvarado, Santurce, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This action to set aside an arbitrator's award was removed from the Superior Court of Puerto Rico, Carolina Section, pursuant to the provisions of 28 U.S.C. Section 1441 since it is a suit for violation of the collective bargaining agreement between defendant, an industry affecting interstate commerce, and plaintiff, a labor organization representing defendant's employees, arising under Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185, and over which this court has original jurisdiction. Defendant requested summary judgment based on the following undisputed facts: [1]

Jorge Cardona was an employee of the defendant Emery Air Freight Corporation, which engages in the business of air freight forwarding to and from Puerto Rico and places outside thereof, in the United States and in foreign countries. Plaintiff is a labor organization which represents defendant's employees and had entered into a collective bargaining agreement with the defendant which covered the years 1981 and 1982. On January 31, 1981 Cardona suffered a cardiac infarction and was absent from his job for a period of eleven months and nineteen days, until his dismissal therefrom on January 19, 1982. During that time he had reported to the Puerto Rico State Insurance Fund, the agency in charge of administering benefits under Puerto Rico's Workmen's Accident Compensation Act, 11 L.P.R.A. Sections 1, *et seq.*, and had not been discharged from treatment by the State Insurance Fund at the time of his dismissal from work. On March 10, 1982, in reply to his dismissal, he wrote to his employer informing it of this fact. Thereafter he requested disability benefits from the Veterans Administration. Cardona apparently insisted on his reinstatement and the union finally submitted his claim to arbitrator Fernando Hernández-Benítez who determined that his dismissal from employment with plaintiff was justified in that he had been absent more than twenty-five days, the maximum sick leave permitted by the collective bargaining agreement then in effect, and more than the six months during which, pursuant to section 3(q) of the Puerto Rico Non-Occupational Temporary Disability Insurance Law, 11 L.P.R.A. Section 203(q), the employer was required to retain grievant's employment. In addition, the arbitrator held that the twelve-month period provided by Article 5(a) of the Puerto Rico Workmen's Accident Compensation Act, 11 L.P. R.A. Section 7, within which the employee retains his right to return to work, was inapplicable to grievant's claim since the State Insurance Fund had determined that

---

1. These findings are based and adopt the arbitrator's findings of facts, which have not been questioned by plaintiff in its complaint or in its motion in opposition to defendant's motion for summary judgment.

his illness was not work related.[2]  Finally, he decided that even assuming that Cardona's employment was protected by that statute, by March 10, 1982, more than thirteen months after the date of the alleged "accident," he had not yet been discharged by the State Insurance Fund and at the time of the hearing he was actively seeking disability benefits from the Veteran's Administration.  Therefore, he concluded that the conditions for reinstatement established by the statute were not present.  This award was issued on January 31, 1983.  On October 11, 1983 the union filed this action to set aside the award claiming that it is against the public policy embodied in the Puerto Rico Workmen's Accident Compensation Act, 11 L.P.R.A. Sections 1, *et seq.*

Citing *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), defendant alleges that these undisputed facts show that this action is barred by the applicable state statute of limitations, namely the three-month period established by § 24 of Law 376 of May 8, 1951, 32 L.P.R.A. Section 3224, for notifying a motion to set aside an arbitrator's award issued in a commercial dispute.  In the alternative, it contends that these facts establish that the aggrieved employee does not qualify for the protection of the statute invoked in the complaint, therefore, that the arbitrator's award should be affirmed.  Plaintiff union has opposed defendant's motion and claims that the period established for invalidation of commercial awards is inapplicable to its cause of action.  It cites *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), which rejected *Mitchell's* choice of state statute of limitations for actions to vacate arbitration awards as that to be applied to actions arising under Section 301 and held instead that the six-month period for filing charges of unfair labor practices with the National Labor Relations Board pursuant to section 10(b) of the National Labor Relations Act,

29 U.S.C. Section 160(b), provided a closer analogy to such causes of action and better carried out the federal policies embodied in that Act.  Citing a post-*Del Costello* decision by the First Circuit Court of Appeals, the Union contends, however, that *Del Costello* does not hold that federal statutes of limitations must be applied to all section 301 actions.  On the contrary, it asserts that state law continues to be the primary source of analogous periods of limitations to be applied to such actions.  See: *Derwin v. General Dynamics Corp.,* 719 F.2d 484 (1st Cir.1983).  Nevertheless, it claims that since the Puerto Rico law governing commercial arbitration is inapplicable to labor arbitration, the periods of limitations provided therein may not be considered when determining whether an action to set aside an arbitrator's award, issued in a labor dispute involving interstate commerce is timely.  Since the Puerto Rico Labor Relations Act, 29 L.P.R.A. Sections 41–97, does not cover arbitration, it submits that "the better grounded criterion of a 'reasonable term' enounced in *Buena Vista Dairy v. L.R.B.,* /94 PRR 596, 601 (1967)/" should be used.  See: *L.R.B. v. P.R. Telephone Co.,* 107 PRR 83, 88 (1976).  Applying this criterion, the Union avers that the Supreme Court of Puerto Rico has ruled that an award issued thirteen months prior to seeking its enforcement could be implemented. *L.R.B. v. P.R. Telephone Co.,* 107 PRR.

■ It is a settled principle that suits under section 301 of the Labor Management Relations Act are governed by federal law "which courts must fashion from the policy of our national labor laws." *Textile Workers Union of America v. Lincoln Mills,* 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957); *Union of Automobile Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).  Until the Supreme Court's decision in *Del Costello v. International Brotherhood of Teamsters,* 103 S.Ct. 2281, however, "the timeliness of a /section/ 301

---

**2.**  At the time of the hearing Cardona's case in the State Insurance Fund had been dismissed since that agency had determined that he had

not suffered a work-related accident or occupational illness.  The decision, however, had allegedly been appealed.

suit, such as the present one, /was/ to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Hoosier*, 383 U.S. at 704–705, 86 S.Ct. at 1113. See also *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732. In *Del Costello*, however, the Court held that where state statutes of limitations prove to be "unsatisfactory vehicles for the enforcement of federal law ... timeliness rules drawn from federal law—either express limitations periods from related federal statutes, or such alternatives as laches" may be used. Thus, the six-month limitations period of section 10(b) of the National Labor Relations Act, 29 U.S.C. Section 160(b), and not any of the analogous state statutes of limitations, was applied to the cause of action against the employer for violation of the collective bargaining agreement as well as to that against the union for unfair representation. Within that context the Court concluded that the mentioned statute of limitations served best to balance "the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective bargaining system." *Id.* 103 S.Ct. at 2294 (quoting from *Mitchell*, 451 US, at 70–71, 101 S.Ct. at 1567–68 (J. Stewart, concurring opinion)). This notwithstanding, in *Derwin v. General Dynamics Corp.*, 719 F.2d 484, our Court of Appeals rejected the contention that the *Del Costello* ruling bound it to apply the limitations period of the Federal Arbitration Act, 9 U.S.C. Section 9, to a union's suit to confirm an arbitration award.

■ In this case, plaintiff's suggestion that a "reasonable term" criterion be applied does not afford a simple solution to the issue presented since we must still define what is "reasonable" and, in so doing, refer to some analogous statute for guid-ance. Moreover, even if plaintiff were correct, which it is not, in its averment that the Supreme Court of Puerto Rico has found that thirteen months was reasonable to request confirmation or enforcement of an award,[3] this case involves the opposite situation in which a party seeks to set aside an arbitration award. Actions to modify or vacate awards are to be distinguished from actions to confirm them. See *Derwin*, 719 F.2d 489–490. Since the former pose the principal threat to the finality of such awards, generally short periods are provided for their filing while longer periods, or no term at all, are suggested for filing actions to confirm awards. *Id.* Such is the case under the Massachusetts law considered in *Derwin* and under the Puerto Rico commercial arbitration law, 32 L.P.R.A. Sections 3221 and 3224. *Derwin* was also a suit to confirm an award and the Court of Appeals found that the state law's failure to provide a limitations period for actions to confirm arbitration awards was not inconsistent with the federal policy of according finality to labor awards. *Id.*, at 490. To apply the "reasonable time" criterion to actions to vacate awards, however, would fundamentally upset that policy. Such cases, as the case at bar, resemble more an employee's suit against his employer and his labor representative questioning the settlement of his grievance pursuant to collective bargaining agreement procedures. As such, the basis for applying the six-month limitations period of section 10(b) of the National Labor Relations Act expressed in *Del Costello* is equally valid in this case. Six months, not a shorter nor a longer period, sufficiently accommodates the national interest in the finality of labor arbitration awards as a means of private settlement of disputes and a party's interest in setting aside an award which it regards as unfair. See *Del Costello*, 103 S.Ct., at 2294. This action, filed eight months after the arbitration award was

---

3. In *L.R.B. v. P.R. Telephone Co.*, 107 PRR 83 (1979) the Court held that thirteen months to seek enforcement of an award issued in a labor dispute was not a reasonable term. Nevertheless, the employer could not wholly benefit from the defense of "laches" since it had incurred in lack of diligence itself. Accordingly, the Court ordered reinstatement without back pay.

issued is untimely under that statute of limitations.

Even had this suit been timely filed, dismissal would be required based on the undisputed facts since plaintiff's contention that the award violates the public policy embodied in the Puerto Rico Workmen's Accident Compensation Act is untenable. Its position is that merely because the employer acted prematurely under that law in dismissing the injured employee, it must indefinitely reserve the job and reinstate the employee whenever he requests it. We do not read Section 7, 11 L.P.R.A., as stating that the employer may not send a letter of dismissal to an employee who is reported to the State Insurance Fund. In fact, the law even takes into account the possibility that the job position is occupied by another person pending the injured employee's discharge from the Fund. All that it protects is the employee's right to request reinstatement if he is discharged by the Fund within twelve months of the accident and he is fit to occupy his old job. It is only if the employer refuses to reinstate the employee that he is liable under the law. Under the law, an employee could be dismissed one month after the accident but would have to be reinstated if discharged by the Fund and if he so requests within the established period of twelve months. The fact of his dismissal is immaterial; (1) his discharge by the agency, (2) his request to be reinstated, made within the established period, and (3) his fitness to occupy the job are the only material considerations. In this case the employee was not discharged until after the twelve-month period had expired and even at that time he was alleging disability before the Veteran's Administration. Under those circumstances, defendant was not under an obligation to reinstate him. The arbitrator correctly analyzed the situation and his decision does not contravene the public policy of the Puerto Rico Workmen's Accident Compensation Act.

For the reasons stated above, defendant's Motion for Summary Judgment is GRANTED and Judgment shall be entered dismissing this action, costs to be taxed on the plaintiff.

SO ORDERED.