UNITED STEELWORKERS OF AMERICA, AFL–CIO–CLC, and United Steelworkers of America Local 15271, Plaintiffs,

v.

DANLY MACHINE CORPORATION, Defendant.

No. 86 C 6293.

United States District Court, N.D. Illinois, E.D.

April 21, 1987.

David L. Gore, Kleiman and Whitney, Chicago, Ill., for plaintiffs.

Jeremy P. Sherman, Philip V. Carter, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The United Steelworkers of America ("Steelworkers") bring this suit pursuant to § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, seeking to confirm an arbitration award that they obtained against the Danly Machine Company ("Danly"). Before the court are the crossmotions of the Steelworkers and Danly for summary judgment as to the meaning of that award. Jurisdiction is pursuant to 29 U.S.C. § 185(c)(2) in that the Steelworkers represent employee members within the Northern District of Illinois.

## FACTS[1]

The Steelworkers and Danly are parties to a collective bargaining agreement which contains a grievance and arbitration procedure providing for final and binding arbitration. Pursuant to this procedure, the Steelworkers on March 15, 1985 filed a grievance stating that Danly had violated the collective bargaining agreement following the termination of a strike in January, 1985. Specifically, the Steelworkers claimed that Danly did not recall employees in the office sweeper position until April 8, 1985 when it should have recalled them earlier. The grievance eventually was submitted to arbitration.

On April 8, 1986, Arbitrator Terry A. Bethel issued his opinion (Exhibit A to the Complaint). He ruled that Danly breached the collective bargaining agreement and awarded backpay to the four office sweepers who were recalled on April 8, 1985 but should have been recalled earlier. Ex. A, p. 5.

On May 16, 1986, Danly issued checks for the backpay awards to three employees: Alfredo Tirelli, Robert Rodriguez, and Francisco Ditrolio. According to Danly, the fourth employee affected by the award was Gerardo Cavallo, who was not compensated because he was working as a janitor sweeper during the backpay period and earned more money than he would have had he been doing the job of an office sweeper. The Steelworkers claim that instead of Gerardo Cavallo, Myrtle Pawelczyk was the fourth employee entitled to a backpay award, and was never compensated.

## DISCUSSION

There are two pertinent issues presented by the crossmotions for summary judgment: (1) whether the Steelworkers brought this action within the applicable statute of limitations, and (2) which employees are covered by the arbitration award.

*Statute of Limitations*

In *United Auto Workers v. Hoosier Cardinal Corporation*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), the Supreme Court held that "the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Id.* at 704–05, 86 S.Ct. at 1112–113. This general principle was reaffirmed by the Court's ruling in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), at least insofar as it applies to nonhybrid § 301 suits like this one. *Id.* at 171, 103 S.Ct. at 2294; *International Union of Elevator Constructors v. Home Elevator Company, Inc.*, 798 F.2d 222, 226 (7th Cir.1986).

 Illinois law does not impose a limitations period on suits to confirm arbitration awards. Instead, the Illinois version of the

---

1. Except as noted, the following facts are undis- puted.

Uniform Arbitration Act states in § 111 that "[u]pon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award...." Ill.Ann. Stat. ch. 10, § 111 (Smith-Hurd 1975). The purpose of this section is to encourage parties voluntarily to treat arbitration awards as final and binding. Once the time period for vacating, modifying or correcting an award passes, the award becomes virtually impregnable. *See Derwin v. General Dynamics Corporation,* 719 F.2d 484, 488–90 (1st Cir.1983) (construing the Massachusetts version of the Uniform Arbitration Act).

In this case, the limitations period for attacking Arbitrator Bethel's award has passed, Ill.Ann.Stat. ch. 10, §§ 112, 113, and neither party is seeking to vacate, modify, or correct his decision.[2] Thus, this action to confirm the award is timely.[3]

### Employees Covered by Award

Rule 56(e) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered against a nonmoving party when, in responding to a properly supported motion, he fails to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* — U.S. ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.,* 106 S.Ct. at 2512. ▪ In the instant case, the Steelworkers have not set forth the specific facts required. Their bald assertion that Myrtle Pawelczyk is the fourth employee affected

by the arbitration award is a legal conclusion, unbuttressed by any significantly probative evidence. They do not suggest why they feel that Myrtle Pawelczyk is so affected, nor do they present any argument as to why Gerardo Cavallo is not.

Danly's pleadings, affidavits, and exhibits establish that Gerardo Cavallo is the fourth employee covered by the arbitration award. The Steelworkers implicitly admit that Gerardo Cavallo was an office sweeper and was at least potentially affected by the award. (Navarro aff.) Moreover, Danly has submitted uncontradicted evidence showing that Myrtle Pawleczyk had been working as a stores attendant and was forced to relinquish that position because of medical infirmities. She then was offered the job of office sweeper but rejected it. (Ex. A to Danly's Reply Memorandum, p. 4). It is uncontroverted that she was not an office sweeper when Danly was recalling its employees following the termination of the strike. (*Id.* p. 2).

### CONCLUSION

Accordingly, the Steelworkers' motion for summary judgment is denied and Danly's motion for summary judgment is granted. Judgment is entered in favor of Danly.

---

**2.** Danly argues that the Steelworkers' suit is, in reality, a suit to modify an arbitration award in order to have the award cover the four employees the Steelworkers say it does. The problem with this argument, however, is that it assumes the award applies to the four office sweepers that Danly has identified. Actually, the Arbitrator's award does neither. It does not specify by name which employees are entitled to backpay, apparently because that information was not presented to the arbitrator. *See* Ex. A.

**3.** Danly has not argued that any other statute of limitations might apply to bar the Steelworkers' suit. Since the complaint was filed 134 days after the arbitrator issued his decision, it is clear that the Steelworkers proceeded well within the state's five-year limitations period for contract actions or seven-year limitations period for enforcing judgments. *See* Ill.Ann.Stat. ch. 110 §§ 13–205 and 12–108 (Smith-Hurd 1975), respectively. *See also, Derwin, supra* at 490 n. 6.