Massachusetts Correction Officers Federated Union *v.* Commissioner of Correction.

MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION
*vs.* COMMISSIONER OF CORRECTION & another.[1]

No. 01-P-1348.

Suffolk. April 11, 2003. - August 18, 2003.

Present: PORADA, KASS, & GREENBERG, JJ.

*Commissioner of Correction. Correction Officer. Public Employment,* Sick
leave benefits. *Arbitration,* Confirmation of award. *Jurisdiction,* Arbitration.

A trial court judge did not err in dismissing a complaint filed by a union
against the defendants seeking the confirmation and enforcement of an
arbitrator's award issued six years earlier under a prior labor contract,
where confirmation would have served no useful purpose, as the defendants
had complied with the terms of the award with respect to the individual
involved in that arbitration, and where the precedential effect of the award
under a successor agreement presenting a factually similar issue was
ordinarily a matter for an arbitrator. [834-836]

CIVIL ACTION commenced in the Superior Court Department on
July 20, 2000.

A motion to dismiss was heard by *Barbara J. Rouse,* J.

*Matthew E. Dwyer* for the plaintiff.

*Ernest L. Sarason, Jr.,* Assistant Attorney General, for the
defendants.

PORADA, J. From the dismissal by a Superior Court judge of a
complaint filed by the Massachusetts Correction Officers Feder-
ated Union (union) against the Commissioner of Correction
(commissioner) and the Secretary for Administration and
Finance of the Commonwealth of Massachusetts seeking the
confirmation and enforcement of an arbitrator's award on the
ground that the court lacked subject matter jurisdiction of the
complaint, the union appeals. We affirm, but on different
grounds.

---

[1]Secretary for Administration and Finance.

We summarize the procedural and factual backdrop of the case. The Department of Correction (department) and the union were parties to a collective bargaining agreement effective for the period January 1, 1992, to December 31, 1994. Under the agreement, if the department believed an employee was abusing sick leave, the department had the right to require the submission of medical evidence to substantiate the employee's absence because of illness. The contract specifically set forth what constitutes satisfactory medical evidence.

In 1993, the union filed a grievance on behalf of correction officer Paul Boudreau alleging that the department had violated the agreement by refusing to consider Boudreau's absence from work on three days as substantiated by the medical evidence submitted. The matter was submitted to an arbitrator who, on December 20, 1994, found that the department violated the collective bargaining agreement by refusing to treat Boudreau's absences as substantiated. The arbitrator ordered the department to reimburse Boudreau for lost compensation and ordered the department to cease and desist from refusing in the future to accept satisfactory medical documentation which substantiates employee absence. The union had requested this relief in the arbitration proceeding.

The department did not seek to vacate, modify, or correct the award within the thirty-day period provided by statute to do so. G. L. c. 150C, §§ 11(*b*), 12. The union likewise did not seek confirmation of the award. The parties do not dispute that Boudreau was paid the amount ordered by the arbitrator.

The parties entered into a collective bargaining agreement for the term January 1, 1998, to December 31, 2000.[2] This agreement contained the same provision set forth in the 1992-1994 agreement about the submission of medical evidence by an employee when the department suspected an abuse of sick leave. The contract again reiterated what constitutes satisfactory medical evidence. During the 1998-2000 contract, the department refused to accept medical evidence as substantiating sick leave for six different employees. The union did not file grievances or

---

[2]Although the record is silent about the status of an agreement between 1994 and 1998, we presume there was such an agreement.

arbitrate the department's refusal to accept the medical evidence to substantiate the sick leave absences of those employees.[3] Instead, the union, on July 20, 2000, filed the complaint in this case seeking confirmation and enforcement of the arbitrator's award issued approximately six years earlier. The defendants moved to dismiss for lack of jurisdiction based on the failure to exhaust grievance and arbitration proceedings for the six employees under the collective bargaining agreement of 1998-2000. The Superior Court judge held that the court lacked jurisdiction over the matter because whether the six employees had submitted satisfactory medical evidence to substantiate their absences involved questions of fact which, under the collective bargaining agreement for 1998-2000, were to be determined initially by the requisite administrative grievance and arbitration proceedings.

The union argues that the judge erred because the Superior Court did, indeed, have subject matter jurisdiction over the confirmation of the 1994 arbitrator's award, and because that award had determined what type of medical evidence was to be considered satisfactory for the purpose of substantiating work absences due to sickness or injury, thus eliminating the necessity for further factual findings regarding the six employees' work absences due to sickness.

Although G. L. c. 150C, §§ 11(*b*) and 12, set forth time limits for vacating, modifying, or correcting an arbitrator's award, no time limits have been established for filing an action to confirm an award. G. L. c. 150C, § 10. Further, a party who fails to initiate an action to vacate or modify an award within the thirty-day time limit specified in §§ 11 and 12 of G. L. c. 150C is barred from asserting as a defense lack of jurisdiction. *Local 589, Amalgamated Transit Union* v. *Massachusetts Bay Transp. Authy.*, 397 Mass. 426, 429-431 (1986). The avowed purpose of those statutory provisions is to afford finality and stability to arbitrator awards. *Id.* at 431. See *Derwin* v. *General Dynamics Corp.*, 719 F.2d 484, 489-490 (1st Cir. 1983), for discussion of the rationale for differing time limits for vacating, modifying, or

---

[3]The commissioner indicated in his submissions to the Superior Court that two of the six employees identified in the complaint did file a grievance and that the other four did not.

correcting an award and confirmation of an award. The Superior Court, thus, did have jurisdiction to confirm the award.

We conclude, however, that the confirmation of the award at this time would serve no useful purpose. The union does not dispute that the department has complied with the order with respect to the Boudreau grievance but argues that the cease and desist order is applicable to the department's refusal to accept satisfactory medical documentation to substantiate the absences of six employees under the successor bargaining contract of 1998-2000. Although the Boudreau award did determine that the medical evidence submitted by Boudreau sufficed to constitute satisfactory medical evidence under the contract, it is unknown whether the medical evidence submitted by any of the six employees in this case is factually similar or dissimilar from the medical evidence presented by Boudreau. In addition, the precedential effect to be accorded an arbitrator's award under a successor agreement presenting a factually similar issue is ordinarily a matter for the arbitrator.[4] See *Courier-Citizen Co.* v. *Boston Electrotypers Union No. 11*, 702 F.2d 273, 280 (1st Cir. 1983). The cease and desist order in this case did little more than require the department to comply with the terms of its contract, the interpretation of which under the agreement is reserved to the grievance and arbitration process. Here, there is no question that the dispute presents factual issues as to whether the medical evidence presented by the six employees substantiating their absence from work due to illness constitutes satisfactory medical evidence under the collective bargaining agreement and, thus, the grievance and arbitration proceeding is the proper mode for resolving the controversy. See *School Comm. of Brockton* v. *Brockton Educ. Assn.*, 36 Mass. App. Ct. 171, 176 (1994) ("when parties have agreed to arbitrate disputes over interpretation of the terms of their contract, they should be required to follow the arbitral course, unless there is an express provision excluding a specific sort of grievance from arbitration or there is other forceful evidence or policy adding up to a purpose to exclude the claim from arbitration"). See also *District 50, United Mine Wkrs. of America* v. *Revere Copper & Brass,*

---

[4]We note that the parties have not provided us with a copy of any of the relevant collective bargaining agreements.

*Inc.*, 204 F. Supp. 349, 352 (D. Md. 1962) (denying enforcement where previous arbitral award stated general rules for application by parties and therefore required further interpretation and arbitration). The confirmation of the award would, thus, serve no useful purpose except to set the stage for possible, futile actions for contempt which, in the interest of judicial economy, should be avoided. See *Derwin* v. *General Dynamics Corp.*, 719 F.2d at 490-493 (confirmation of arbitrator's award is unwarranted where it would serve no useful purpose except to encourage future litigation which in interest of judicial economy should be discouraged).

*Judgment affirmed.*