MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION *vs.* COMMISSIONER OF CORRECTION & another.[1] No. 04-P-256. April 27, 2005. *Commissioner of Correction. Correction Officer. Arbitration,* Confirmation of award.

A dispute arose between the Massachusetts Correction Officers Federated Union (union) and the Department of Correction (department) as to whether a union member (Salmon) had been properly demoted for just cause. The union filed a grievance, pursuant to its collective bargaining agreement with the department, and the case was eventually heard by an arbitrator. The arbitrator directed the department to "rescind the demotion and to substitute in its place a twenty workday unpaid suspension," as well as to "make [the grievant] whole for lost pay and benefits, less the amount represented by the disciplinary suspension." In response, the department recorded a twenty-day suspension in Salmon's file and withheld twenty days' pay, but no suspension from service was ever imposed or served.

The union filed a grievance, alleging that the department failed to comply with the terms of the award. That grievance was denied at steps one, two, and three of the grievance procedure. Instead of pursuing its right under step four to demand another arbitration, the union commenced this action seeking confirmation of the arbitrator's award in Superior Court pursuant to G. L. c. 150C, § 10. Acting on the parties' cross motions for summary judgment, the judge ruled in favor of the defendants, dismissing the union's request to confirm the original arbitration award. The judge concluded that "the dispute between the parties relates not to the validity of the arbitrator's award, but to its interpretation" and that, "[u]nder these circumstances, confirmation would serve no useful purpose." The judge determined that the union's claim that the "defendants' action went beyond that authorized by the award" was, "in

---

[1]Secretary of Administration and Finance.

substance, a claim that the employee was disciplined in violation of Article 23 of the collective bargaining agreement." A claim of violation of the collective bargaining agreement is subject to the grievance procedure set out in the agreement; accordingly, the judge ruled that the union was not entitled to seek confirmation of the award, having failed to exhaust the grievance procedure. The union appeals from the judgment dismissing its complaint.

*Discussion.* The union argues, essentially, that the department failed to implement the arbitrator's award because it withheld twenty days of Salmon's pay without implementing a twenty-day suspension away from work. The department argues that the union's complaint should be characterized as a new alleged violation by the department of the collective bargaining agreement (disciplinary action without cause), which, as such, must be addressed through the grievance procedure, not in a proceeding confirming the award. The department's arguments are unavailing.

The union does not allege a new violation of the collective bargaining agreement requiring resolution by the grievance procedure and arbitration. At issue here is nothing more than the enforcement of the underlying arbitration award, warranting its confirmation in a judgment of the court.

The department's reliance on *Massachusetts Correction Officers Federated Union* v. *Commissioner of Correction*, 58 Mass. App. Ct. 832, 835 (2003) (*MCOFU I*), is misplaced. In that case, the union did not dispute the department's compliance with the original arbitration order, but rather "the precedential effect to be accorded an arbitrator's award under a successor agreement presenting a factually similar issue," which we noted is "ordinarily a matter for the arbitrator."[2] *Ibid.* Unlike in *MCOFU I*, here the union does "dispute that the department has complied with the [arbitration] order." *Ibid.* Thus, this court's reasoning in *MCOFU I* that "confirmation of the award at this time would serve no useful purpose" does not apply here. *Ibid.*

There is no ambiguity in the award requiring an arbitrator's fact-finding expertise. The award required a "twenty workday unpaid suspension." Salmon was to be absent from work, and his pay was to be withheld, for a period of twenty days. The parties do not dispute that the department withheld Salmon's pay; nor do they dispute that the department did not allow him twenty days' absence from work.

This court's holding in *MCOFU I* that a confirmation must serve a useful purpose does not mean that parties seeking enforcement of arbitration awards are barred, as a rule, from bringing confirmation proceedings in Superior Court. Indeed, the statute, G. L. c. 150C, § 10, expressly establishes the right of parties to do just that. Confirmation of the award in the instant case would not merely "set the stage for possible, futile actions for contempt." *MCOFU I*, 58 Mass. App. Ct. at 836. Rather, confirmation in the instant case would allow the union to establish that the department failed to implement the requirements of the award. See *Milano* v. *Hingham Sportswear Co.*, 366 Mass. 376, 377 (1974) (confirmation of award supported contempt finding where award required payments that were never made). See also *Murphy* v. *National Union*

---

[2] We also observed that arbitration was needed because there were unresolved factual issues regarding whether the employees identified in the complaint were similarly situated to the employee who was the subject of the original arbitration award. *MCOFU I*, 58 Mass. App. Ct. at 835.

*Fire Ins. Co.*, 438 Mass. 529, 532 (2003) ("The purpose of an action to confirm an arbitration award is to enable a plaintiff to collect an unsatisfied award by enforcing the judgment that has been entered").

Here the union's failure to follow through on the grievance procedure disputing the department's compliance with the award has no bearing on its right to seek confirmation of the award in Superior Court. Although it could have relied solely on the grievance procedure (and treated the dispute as a new one under the collective bargaining agreement), it was not required to do so before pursuing confirmation under the statute. Compare *Locals 2222, 2320-2327, Intl. Bhd. of Elec. Wkrs.* v. *New Eng. Tel. & Tel. Co.*, 628 F.2d 644, 649 (1st Cir. 1980).

The judgment is reversed and a new judgment shall enter confirming the arbitration award.

*So ordered.*

*Kathleen Pennini* for the plaintiff.

*Juliana deHaan Rice*, Assistant Attorney General, for the defendants.