SUPREME JUDICIAL COURT 
 
 BOSTON TEACHERS UNION, LOCAL 66, AMERICAN FEDERATION OF TEACHERS, AFL-CIO vs. SCHOOL COMMITTEE OF BOSTON

 
 Docket:
 SJC-13491
 
 
 Dates:
 March 6, 2024 - August 27, 2024
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, & Dewar, JJ.
 
 
 County:
 Suffolk
 

 
 Keywords:
 Arbitration, School committee, Confirmation of award, Judicial review. School and School Committee, Arbitration, Collective bargaining. Statute, Construction. Practice, Civil, Motion to dismiss, Judgment on the pleadings
 
 

             Civil action commenced in the Superior Court Department on March 2, 2022.
            Motions to dismiss and for judgment on the pleadings were heard by Catherine H. Ham, J.
            The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.
            Nick Pollard for the plaintiff.
            S. Michael Pidani, Special Assistant Corporation Counsel, (Renee J. Bushey also present) for the defendant.
            Nicole Horberg Decter & Michael R. Keefe, for Massachusetts Teachers Association, amicus curiae, submitted a brief.
            BUDD, C.J.  Here, we are asked to determine whether the Boston Teachers Union, Local 66, American Federation of Teachers, AFL-CIO (union), is entitled to judicial confirmation of an arbitration award with which it alleges the school committee of Boston (committee) has failed to comply.  Because we conclude that the plain language of the governing statute requires confirmation, we reverse.[1]
            Background.  1.  Statutory overview.  Arbitration historically has been encouraged in the Commonwealth as a "particularly appropriate and effective means to resolve labor disputes."  School Comm. of Pittsfield v. United Educators of Pittsfield, 438 Mass. 753, 758 (2003).  However, without a way to enforce the resulting awards, arbitration would be of "little value" as a means of dispute resolution.  See id.  General Laws c. 150C governs the enforcement of collective bargaining agreements between labor unions and employers by way of arbitration.  See G. L. c. 150C, § 1.  
            The relevant section, G. L. c. 150C, § 10 (§ 10), provides for the judicial confirmation of arbitration awards.  It states:  
"Upon application of a party, the [S]uperior [C]ourt shall confirm an award, unless within the time limits, hereinafter imposed grounds are urged for vacating, modifying or correcting the award, in which case the court shall proceed as provided in [§§ 11 and 12]."
General Laws c. 150C, §§ 11 and 12, referenced in § 10, set out the narrow circumstances in which an award may be vacated (§ 11) or modified (§ 12).  A court will vacate an award if (1) it was "procured by corruption, fraud or other undue means"; (2) there is evidence of "partiality . . . corruption . . . or misconduct prejudicing the rights of any party"; (3) "the arbitrators exceeded their powers or rendered an award requiring a person to commit an act or engage in conduct prohibited by . . . law"; (4) the arbitrator refused to postpone the hearing on a showing of sufficient cause or to hear evidence material to the controversy; or (5) there was no enforceable arbitration agreement.  G. L. c. 150C, § 11.  An award will be modified if (1) there was an "evident miscalculation of figures or an evident mistake in the description of" something referenced in the award; (2) an award has been made on a "matter not submitted to [the arbitrator] and . . . may be corrected without affecting the merits of the decision upon the issues submitted"; or (3) the award is "imperfect in a matter of form, not affecting the merits of the controversy."  G. L. c. 150C, § 12.  A party has thirty days to seek to vacate or modify an arbitration award upon receipt.  G. L. c. 150C, §§ 11 (b), 12 (a).
            2.  Facts and procedural posture.  Pursuant to the collective bargaining agreement in place between the committee and the union covering the period of September 2018 through August 2021 (agreement),[2] the committee was required to hire eighteen "cluster" paraprofessional substitutes to provide district-wide coverage.[3]  In April 2019, the union filed a grievance alleging that the committee failed to hire the eighteen paraprofessional substitutes as required by the agreement.  In July 2020, the arbitrator sustained the union's grievance and ordered the committee to "prospectively comply with its contractual obligation to hire and maintain" eighteen paraprofessional substitutes (award).  The committee did not seek to vacate or modify the award.
            Nineteen months later, the union filed a complaint seeking to confirm the award and subsequently moved for judgment on the pleadings.  In response, the committee filed a motion to dismiss for failure to state a claim.[4]  After a hearing, a Superior Court judge denied the union's motion for judgment on the pleadings and allowed the committee's motion to dismiss, concluding that "[t]here is no statutory right to confirmation when there is no dispute alleged."  The union appealed, and we transferred the case to this court on our own motion.  
            Discussion.  The committee argues that the judge properly dismissed the complaint because the union failed to allege specific facts to support its claim that the committee did not comply with the award.  The committee further argues that, as it has not disputed the validity of the award, seeking confirmation under § 10 undermines the purpose of the statute by improperly inviting court intervention where arbitration awards are "generally self-enforcing," and requires the parties to undergo needless litigation."[5]  The union contends that based on the plain language of § 10, it is not required to demonstrate anything for the Superior Court to confirm the award.  
            Our review is de novo.  See Hovagimian v. Concert Blue Hill, LLC, 488 Mass. 237, 240 (2021) ("We review a decision affirming or denying a motion for judgment on the pleadings pursuant to Mass. R. Civ. P. 12 [c], as well as questions of statutory interpretation, de novo").  As the outcome of the appeal depends on our interpretation of § 10, we look first to the statutory language.  See Associated Subcontrs. of Mass., Inc. v. University of Mass. Bldg. Auth., 442 Mass. 159, 164 (2004).
            Section 10 is comprised of one sentence, and its language is uncomplicated.  It provides that the Superior Court "shall" confirm an arbitration award upon request of a party unless a timely motion has been made to vacate or modify the award.  See G. L. c. 150C, § 10.  We begin by noting that "'shall' is ordinarily interpreted as having a mandatory or imperative obligation."  Hashimi v. Kalil, 388 Mass. 607, 609 (1983).  See Sullivan v. Brookline, 435 Mass. 353, 360 (2001), citing Commonwealth v. Cook, 426 Mass. 174, 180-181 (1997), and cases cited.  See also Black's Law Dictionary 1653 (11th ed. 2019) (defining "shall" to mean "[h]as a duty to; more broadly, is required to").  Thus, based on the plain language of the statute, unless a party makes a timely motion to vacate or modify the award pursuant to § 11 or 12 -- which is not the case here -- the Superior Court is required to confirm it.  See G. L. c. 150C, § 10.
            This plain language interpretation of the provision aligns with the two sections that are referenced in, and follow, § 10.  See Chin v. Merriot, 470 Mass. 527, 532 (2015) ("Although we look first to the plain language of the provision at issue to ascertain the intent of the Legislature, we consider also other sections of the statute, and examine the pertinent language in the context of the entire statute").  As discussed supra, §§ 11 and 12 detail the procedure by which a party may seek to vacate or modify an arbitration award.  Unless the award has been vacated pursuant to § 11, the Superior Court is directed to confirm the award after acting on the application submitted under § 11 or 12.[6]  Read together, the three sections provide for the confirmation of an award, either in its original form as ordered by the arbitrator, or as modified by the Superior Court, unless the award has been vacated.  See G. L. c. 150C, §§ 10-12.  
            "The purpose of an action to confirm an arbitration award is to enable a plaintiff to collect an unsatisfied award by enforcing the judgment that has been entered."  Murphy v. National Union Fire Ins. Co., 438 Mass. 529, 533 (2003).  See Massachusetts Correction Officers Federated Union v. Commissioner of Correction, 63 Mass. App. Ct. 907, 908 (2005) (§ 10 "expressly establishes the right of parties to" seek enforcement of arbitration awards).  Thus, our reading of § 10 comports with the Commonwealth's strong public policy interest in promoting arbitration as a means of dispute resolution.  See Wright v. Collector & Treas. of Arlington, 422 Mass. 455, 457-458 (1996) (statute's "meaning must be reasonable and supported by the purpose and history of the statute").  
            Despite the foregoing, the committee suggests that we interpret "shall confirm" to allow for discretion depending on conditions not found in § 10.  That is, it argues that a court is free to deny an application to confirm an award where no "colorable dispute" exists, and that, in fact, to decide otherwise would result in "purely ministerial" confirmations.[7]  To the contrary, as explained supra, the express purpose of § 10 is to enforce an award.[8]  The interpretation proposed by the committee not only improperly "add[s] words to a statute that the Legislature did not put there" (citation omitted), Commonwealth v. Callahan, 440 Mass. 436, 443 (2003), but it also leaves those who have an unchallenged award with no way to have it confirmed by a court.  That cannot be what the Legislature intended.  See Lowery v. Klemm, 446 Mass. 572, 578–579 (2006), quoting Attorney Gen. v. School Comm. of Essex, 387 Mass. 326, 336 (1982) ("we will not adopt a construction of a statute that creates 'absurd or unreasonable' consequences").  
            It is clear that § 10 means what it says:  a party may apply to the Superior Court to confirm an arbitration award and, upon application, as long as there has been no timely request for vacating or modifying the award, the Superior Court "shall confirm" the award.  Thus, here, where the union properly applied for confirmation of the award, we conclude that the union is so entitled. 
            Conclusion.  The Superior Court order granting the committee's motion to dismiss and denying the union's motion for judgment on the pleadings is reversed. 
So ordered.
 
footnotes

 
            [1] We acknowledge the amicus brief submitted by the Massachusetts Teachers Association.  
            [2] The union is the certified exclusive bargaining agent for four separate bargaining units comprised of Boston public school employees:  (1) teachers, (2) paraprofessionals, (3) substitute teachers and nurses, and (4) applied behavior analysis specialists.  Each unit has its own collective bargaining agreement setting forth the terms and conditions of employment.  The collective bargaining agreements relevant to the instant appeal are for the paraprofessional and teacher units. 
            [3] The provision requiring eighteen cluster paraprofessional substitutes had been part of the agreement since 2003.
            [4] The committee maintained that it was in "substantial compliance" with the award, having hired sixteen cluster paraprofessional substitutes and actively attempting to fill the two vacancies at the time the complaint was filed.  
            [5] Alternatively, the committee claims that whether it has complied with the award is a factual dispute different from the one decided by the arbitrator and must be resolved in arbitration.
            [6] Section 11 (d) provides:  "If the application to vacate an award is denied and no motion to modify or correct the award is pending, the court shall confirm the award"; while § 12 (b) provides:  "If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected; otherwise, it shall confirm the award as made." 
            [7] The committee relies on a case in which the United States Court of Appeals for the First Circuit concluded that § 10 entitles a party to the confirmation of an arbitration award "[o]nly where [the] award is both clearly intended to have a prospective effect and there is no colorable basis for denying the applicability of the existing award to a dispute at hand."  Derwin v. General Dynamics Corp., 719 F.2d 484, 491 (1st Cir. 1983).  We are not bound by Derwin.  Nevertheless, the union's request for confirmation would be granted under that test, as the award is "intended to have prospective effect" and "there is no colorable basis for denying the applicability of" the award.  
            [8] The committee had an opportunity to vacate or modify the award within thirty days of receiving it but did not do so.  Any dispute regarding the award would have had to have been raised within the thirty day period to be heard in the Superior Court, as the agreement declares arbitration awards between the parties as final.  Any other unrelated dispute regarding "rates of pay, wages, hours or other terms and conditions of employment" would need to be addressed through the dispute resolution procedure outlined in the agreement.  G. L. c. 150C, § 1.